

# Notice of Service of Process

null / ALL
Transmittal Number: 24415229
Date Processed: 02/02/2022

| | |
|---|---|
| Primary Contact: | Audrey Richards<br>Argo Group US, Inc.<br>175 E Houston St<br>Ste 1300<br>San Antonio, TX 78205-2265 |
| Electronic copy provided to: | Heather Gmyrek<br>Esequiel Contreras |
| Entity: | Colony Insurance Company<br>Entity ID Number 3656007 |
| Entity Served: | Colony Insurance Company |
| Title of Action: | Hacienda Carballo, LLC a/k/a D&B Properties of Miami, LLC a/k/a Aloe General Jurisdiction Division Distributors Inc a/k/a Aloe Farms vs. Colony Insurance Company |
| Matter Name/ID: | Hacienda Carballo, LLC a/k/a D&B Properties of Miami, LLC a/k/a Aloe General Jurisdiction Division Distributors Inc a/k/a Aloe Farms vs. Colony Insurance Company (11970240) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Glades County Circuit Court, FL |
| Case/Reference No: | 2022 CA 10 |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 02/02/2022 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Chief Financial Officer in FL on 02/01/2022 |
| How Served: | Electronic SOP |
| Sender Information: | The Law Offices Of Grey & Mourin, P.A.<br>305-325-8119 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com




*22-000034696*

| | |
|---|---|
| HACIENDA CARBALLO, LLC A/K/A D&B PROPERTIES OF MIAMI, LLC A/K/A ALOE DISTRIBUTORS INC A/K/A ALOE FARMS | **CASE #:** 2022 CA 10<br>**COURT:** CIRCUIT COURT<br>**COUNTY:** GLADES<br>**DFS-SOP #:** 22-000034696 |

PLAINTIFF(S)

VS.

COLONY INSURANCE COMPANY

DEFENDANT(S)
_____/
SUMMONS, COMPLAINT, DISCOVERY

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, February 1, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, February 2, 2022 to the designated agent for the named entity as shown below.

COLONY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Jimmy Patronis
Chief Financial Officer

GREY & MOURIN, P.A.
1800 SW 1ST STREET
SUITE 206
MIAMI, FL 33135

JD1

|  | IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT IN AND FOR GLADES COUNTY, FLORIDA |
|---|---|
| HACIENDA CARBALLO, LLC a/k/a D&B PROPERTIES OF MIAMI, LLC a/k/a ALOE DISTRIBUTORS INC a/k/a ALOE FARMS, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE NO.: |
| vs. | |
| COLONY INSURANCE COMPANY, | |
| Defendant.                                  / | |

## COMPLAINT

Plaintiff, HACIENDA CARBALLO, LLC a/k/a D&B PROPERTIES OF MIAMI, LLC a/k/a ALOE DISTRIBUTORS INC a/k/a ALOE FARMS (the "Insured"), hereby sues Defendant, COLONY INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages that exceeds Thirty Thousand and 00/100 Dollars ($30,000.00) exclusive of interest, costs and attorney's fees.

2. The Insured is an individual who at all times material hereto has resided in Glades County, Florida.

3. The Insurance Company is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Glades County, Florida.

4. Venue is proper in Glades County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Glades County, Florida.

5.  All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## GENERAL ALLEGATIONS

6.  At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of 101 FO 0095566-03 (the "Policy").

7.  The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company.

8.  The damaged property is located at 27146 US Hwy 27, Moore Haven, FL 33471 (the "Property").

9.  Pursuant to the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's Property for all risks unless specifically excluded by the terms of the Policy.

10.  On or about April 23, 2021, while the Policy was in full force and effect, the Property sustained a covered loss as a result of water damage (the "Loss").

11.  The Insurance Company assigned file number P-099-1033378 to the Loss.

12.  The Insurance Company acknowledged that the Property sustained a covered Loss, however, did not issue payment, as the Insurance Company alleged the covered loss did not exceed the Policy deductible. Moreover, the Insurance Company partially denied a portion of the claim for damage to the tile flooring on the basis that it was not covered by the Policy.

13. After diligent inspection, it was obvious that the Property sustained covered damages greater than the damages acknowledged by the Insurance Company, including the tile flooring that was damaged by the Loss.

14. The Insurance Company's finalization of its duty to adjust the loss with the insurance is a condition precedent for the Insured to receive the insurance benefits that it is entitled to under the terms of the Policy.

15. On September 28, 2021, pursuant to Florida Statute Section 627.70152, the Insured filed a Notice of Intent to Initiate Litigation (the "Notice") with the Florida Department of Financial Services. A true and correct copy of the Notice is attached hereto as **Exhibit A.**

16. On October 8, 2021, the Insurance Company responded to the Notice stating that it was standing by its initial decision that no coverage exists for the loss. A true and correct copy of the Response is attached hereto as **Exhibit B.**

17. As of the date of the filing of this lawsuit, the Insurance Company has failed to acknowledge that additional payment would be forthcoming and it has failed to adequately provide coverage under the terms of the Policy. As a result of the foregoing, the Insurance Company has breached the Policy.

18. The Insured has suffered and continues to suffer damages resulting from the Insurance Company's breach of the Policy.

19. The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute Section 626.9373.

## COUNT I
## BREACH OF CONTRACT

20. The Insured reincorporates paragraphs 1 through 17 as if fully set forth herein.

21. It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

22. The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing its obligations under the Policy.

23. The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

24. Furthermore, at all times material hereto, the Insured has satisfied all post-loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property; and (iii) keeping an accurate record of the repairs expenses. Accordingly, the Insured has made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

25. In contrast, the Insurance Company has failed to: (i) provide coverage for the Loss under the terms of the Policy; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make adequate payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

26. As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Section 626.9373, Florida Statutes.

# JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 27th day of January, 2022.

                                                Respectfully submitted,

                                                **The Law Offices of Grey & Mourin, P.A.**
                                                Counsel for the Insured
                                                1400 N.W. 10th Avenue, Suite RG6
                                                Miami, Florida 33136
                                                Telephone No. (305) 325-8119
                                                Facsimile No. (305) 325-0569
                                                Email: eservice@greyandmourin.com
                                                Secondary Email: Juan@greyandmourin.com
                                                                         Veronica@greyandmourin.com

                                               By: **/s/Juan E. Mourin**
                                                    Juan E. Mourin, Esq.
                                                    Florida Bar No. 103438



## Property Insurance Notice of Intent to Initiate Litigation

Notice Number: **7249**

Notice Accepted: **9/28/2021 9:41:04 AM**

☑ The submitter hereby states that The Property Insurance Intent to Initiate Litigation Notice is provided pursuant to Section 627.70152, Florida Statutes.

### Claimant
| | |
|---|---|
| Name: | D&B Properties of Miami, LLC Hacienda Carballo LLC |
| Street Address: | 27146 US Hwy 27 |
| City, State Zip: | Moore Haven, FL 33471 |
| Email Address: | eservice@greyandmourin.com |
| Policy Number: | 101 FO 0095566 |
| Claim Number: | P-099-1033378 |

### Attorney
| | |
|---|---|
| Name: | Juan Mourin |
| Street Address: | 1400 NW 10 Ave, Suite RG6 |
| City, State Zip: | Miami, FL 33136 |
| Email Address: | eservice@greyandmourin.com |

### Notice Details

Insurer Name:

**COLONY INSURANCE COMPANY (39993)**

Alleged Acts or Omissions of the Insurer:

**The Insurer failed to fully indemnify the insured for the subject loss and the damages caused by same. A copy of this Notice will be provided to the Claimant.**

Is the Notice provided following acts or omissions by the insurer other than the denial of coverage?

| | |
|---|---|
| Presuit Settlement Demand: | $95,754.00 |
| Damages: | $95,754.00 |
| Attorney Fees: | $5,000.00 |
| Costs: | $0.00 |
| Disputed Amount: | UNKNOWN |

### Attachments

The following documents were included as part of this Notice. Please open this Notice online to review or download these documents.
1. Argo group 7.1.21 - under ded.pdf -
2. ESTIMATE.pdf -



**ROBERT M. DARROCH**
Attorney at Law
Direct Dial: (941) 806-2980
Email: rdarroch@GM-LLP.com
Admitted in FL & GA

ATTORNEYS AT LAW
WWW.GM-LLP.COM

*REPLY TO:*
6751 Professional Parkway, Suite 103
Sarasota, FL 34240-8449

TELEPHONE (941) 953-4411
FACSIMILE (941) 953-4410

October 8, 2021

Juan Mourin, Esq.
Grey and Mourin
1400 NW 10th Ave, Ste. RG6
Miami, FL 33136-1078

  Re: Insureds: D & B Properties of Miami, LLC; Aloe Distributors Inc.; Aloe Farms; Hacienda Carballo LLC
    DOL: 4/23/21
    Notice of Intent: No. 7249
    Our File No.: 0529-0154

Dear Juan:

  We represent Colony Insurance Company (CIC) in this matter. We received your Notice of Intent to Initiate Litigation for claim number P-099-103378 filed on September 28, 2021.

  CIC issued a policy of insurance to D & B Properties of Miami, LLC; Aloe Distributors, Inc.; Aloe Farms; and Hacienda Carballo, LLC as referenced above. The loss notice received by CIC on April 26, 2021 noted that on April 24, 2021, D & B sustained a loss at their property located at 27146 US Hwy 27, Moore Haven, FL 33471 reportedly due to water damage from a plumbing leak.

  On April 25, 2021, EnviroClean made emergency repairs at a cost of $700.00. On April 28, 2021, EnviroClean obtained a Certificate of Completion & Satisfaction signed by Belkya Hendriquez indicating that:

> I have had an opportunity to walk the job site located at the above address and inspect the work area. . . . I see no problems associated with services performed ENVIRO CLEAN. All of my questions have been answered to my satisfaction and ENVIRO CLEAN scope of work has been completed to my entire satisfaction. However, I will promptly report any problem to ENVIRO CLEAN, and give ENVIRO CLEAN a full and fair opportunity to address them.

CIC assigned an independent adjuster, Matt Heidinger of Capstone ISG, to inspect the property. The independent adjuster advised CIC that the cause of some loss was a pipe leak inside the wall of the guest bathroom behind the bathtub.

Your plumber cut a 2' x 3' section of drywall to complete the repairs to the hot water line and also replaced the cold-water line. The plumber confirmed the tile on the floor was broken upon his arrival, and it appeared the majority of the water ran down under the house through the cut in the subfloor for the supply lines to the tub.

Your Public Adjuster provided us with the photos of the damage:



Your plumber cut this hole in the bedroom wall behind the guest bathroom and removed part of the tile base from two of the walls around the access point on the drywall in the bedroom.

One tile floor section contains multiple vertical cracks and is lifted slightly, but this did not appear to be related to the reported plumbing leak or any water damage. The independent adjuster found no signs of any visible water intrusion in the guest bathroom.

There was some question about two damaged tiles in the kitchen. The insured first advised the independent adjuster that one section of ceramic tile floor was broken by the water mitigation company EnviroClean when they were removing the refrigerator during the dry-out. The plumber Roberto Morales indicated that he did not move the refrigerator. On May 24, 2021, the Public Adjuster Sigelfrido Rojas informed the independent adjuster that the kitchen tile was "broken when the insured was moving the refrigerator and stepped on the tile and it broke."

CIC obtained a mitigation contractor's estimate for $3,015.73, and a repair estimate for $1,136.51 which represent repairs covered under the insurance policy for this loss. The total amount of these estimates equals $4,152.24 which does not exceed the $5,000 insurance policy deductible.

The insureds retained a Public Adjuster (PA) who earns a percentage of any recovery from any insurance company. The PA submitted a repair estimate in the amount of $95,629.58.

The PA's estimate includes replacing all of the tile not just the kitchen tile damaged by the insureds when they moved the refrigerator. Damage by the insured is not covered. Even if it was covered, no sight lines are involved, and it would be unnecessary to remove all of the tile inside and outside the home.

The PA's estimate includes painting walls on the front porch that are not actually there and which could not have been damaged by the water leak.

In addition, the PA's estimate used dimension rooms but do not have actual dimensions of the interior. Use of dimension rooms does not accurately represent interior room measurements.

The PA's estimate includes water extraction and remediation, but no estimates were submitted from any mitigation company to support the $5,366.00 claim.

The PA's estimate included labor minimums which are not warranted and residential supervision/project management which is not warranted for this job.

We refer you to your insurance policy form, Farm Property - Farm Dwellings, Appurtenant Structures and Household Personal Property Coverage Form • FP 00 12 09 03, for more information regarding the perils covered under the policy that are applicable to the loss:

> SECTION I - COVERAGES COVERAGE A - DWELLINGS
> A. Coverage
> We will pay for direct physical loss of or damage to Covered Property at the "insured location" described in the Declarations, or elsewhere as expressly provided below, caused by or resulting from any Covered Cause of Loss.
>
> SECTION IV - OTHER PROVISIONS
> A.   Covered Causes Of Loss, Exclusions And Limitations
> See the Causes of Loss Form - Farm Property, for Basic, Broad or Special coverage as shown in the Declarations.

The Cause of Loss Form - Farm Property FP 10 60 02 09, which cites relevant language regarding additional coverages as it applies to this loss:

> A, Covered Causes Of Loss
> Covered Causes Of Loss means the causes as described and limited under either Paragraph B. or C. or D. below in accordance with a corresponding entry of either Basic or Broad or Special, respectively, on the Declarations opposite each Coverage or property to which this insurance applies. Covered Causes of Loss are also limited by the Exclusions in Section E.
> . . .
> B.     Covered Caused Of Loss – Basic
>
> Subject to the provisions in Section A., when Basic is shown in the Declarations, Covered Causes of Loss means the following:
>
> 1.   Fire or Lightning...
> 2.   Windstorm Or Hail...
> 3.   Explosion...
> 4.   Riot or Civil Commotion...
> 5.   Aircraft...
> 6.   Vehicles...
> 7.   Smoke...
> 8.   Vandalism...
> 9.   Theft...
> 10.  Sinkhole collapse...
> 11.  Volcanic Action...
> 12.  Collision - Coverages E And F Only...
> 13.  Earthquake Loss To "Livestock"
> 14.  Flood Loss To "Livestock"...
>
> C.     Covered Causes Of Loss • Broad
>
> Subject to the provisions in Section A., when Broad is shown in the Declarations, Covered Causes of Loss means the Covered Causes of Loss under Section B. Covered Causes Of Loss Basic, plus the following:
>
> 15.  Electrocution Of Covered Livestock
> 16.  Attacks On Covered Livestock By Dogs Or Wild Animals...•
> 17.  Accidental Shooting Of Covered Livestock...
> 18.  Drowning Of Covered Livestock From External Causes...
> 19.  Loading/Unloading Accidents...
> 20.  Breakage Of Glass Or Safety Glazing Material...

Juan Mourin, Esq.
October 8, 2021
Page 5

        21.    Falling Objects...
        22.    Weight Of Ice, Snow Or Sleet ...
        23.    Sudden And Accidental Tearing Apart, cracking, burning or bulging of a steam or Hot water heating system, an air conditioning or automatic fire protective system, or an appliance for heating water.
        24.    Accidental Discharge Or Leakage Of Water Or Steam...
        25.    Freezing ...
        26.    Sudden And Accidental Damage from artificially generated electrical current ...

Based on the above-captioned policy citations, damage to the broken tiles is not from one of the above listed perils and was not related to the reported plumbing leak. Since there is no damage from a covered cause of loss to the tile flooring, no payment was issued for the tile floor repairs.

Based upon the information provided to CIC, it is not willing to accept the Pre-Suit Settlement Demand of $95,754.00, plus attorney's fees of $5,000.00.

If you disagree with CIC's position, or if you currently have or later develop or become aware of any information which you would like for CIC to consider, please forward that information to my attention as soon as possible for review and consideration.

CIC expressly reserves the right to assert any other policy provisions and defenses it may have to the claim, even though not enumerated herein, as they may become known or relevant. CIC does not waive or relinquish any policy provisions or defenses and expressly reserves all of its rights and defenses under the policy of insurance or otherwise.

Finally, as you know FSA 57.105 provides:

    57.105 Attorney's fee; sanctions for raising unsupported claims or defenses; exceptions; service of motions; damages for delay of litigation.

        (1)    Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be **paid to the prevailing party in equal amounts by the losing party and the losing party's attorney** on any claim or defense at any time during a civil proceeding or action in which the **court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:**

Juan Mourin, Esq.
October 8, 2021
Page 6

(a) **Was not supported by the material facts necessary to establish the claim or defense;** or

(b) Would not be supported by the application of then-existing law to those material facts.
(emphasis added)

We have taken the time to provide you with a detailed factual basis to establish that no claim exists so that the statute will apply. If you need any other information in this regard, please let me know.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Robert M. Darroch

Cc: D & B Properties of Miami, LLC
   Aloe Distributors, Inc.
   Aloe Farms
   Hacienda Carballo, LLC
   1265 NW 22nd Street
   Miami, FL 33142