IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case Number: 2:22-cv-00118-JLB-KCD

HACIENDA CARBALLO, LLC a/k/a D&B
PROPERTIES OF MIAMI, LLC a/k/a ALOE
DISTRIBUTORS, INC. a/k/a ALOE FARMS,

    Plaintiff,

v.

COLONY INSURANCE COMPANY,

    Defendant.                                    /

## COLONY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION DATES

Colony Insurance Company (CIC) responds to the Plaintiff's Motion to Compel Deposition Dates as follows:

A.    CIC's Corporate Representative's deposition.

    1.    Counsel for Plaintiff and Defendant began discussing the dates and topics for CIC's corporate representative deposition in March 2022.

    2.    In the undersigned's April 12, 2022 response to one such email, a request was made for the topics for the deposition. In that email, the undersigned specifically stated: "In order to find the correct witness, I need the topics for the deposition." See Exhibit A.

    3.    Both parties exchanged numerous emails about the topics for the deposition. In preparing this brief, the undersigned noticed an unusual pattern. When Plaintiff asked for the deposition, my staff and I would again ask for a copy of

the topics. Plaintiff's response would be an email that says the topics were attached. It was an unusual exchange of emails.

4. We use a software program (Mimecast) that captures suspicious emails and attachments. In order to prepare a response to Plaintiff's Motion, the undersigned used Mimecast to find the original emails as they came into our server rather than how they were delivered to the email recipient. The undersigned discovered that the emails did come to our server with the topics attached but until May 2023 they were quarantined.

5. On May 24, 2023, the undersigned received an email with the proposed topics attached. See Exhibit B. On the same date, the undersigned emailed CIC asking that they begin to identify the appropriate witness or witnesses.

6. On May 31, 2023, Plaintiff's counsel and the undersigned discussed narrowing the topics for the CIC company representative's deposition. According to my notes of that conversation, the Plaintiff was going to narrow the topics in the following manner and provide a list of topics:

    a. The topics would expressly state that they were not asking for documents or testimony concerning file handling policies or procedures, underwriting materials, policy interpretation, opinions, etc.

    b. Topic 4 would exclude communications with counsel from "agents of the Insurer."

    c. Topics 7, 8, and 9 would refer to "all facts" and not include all "information."

    d. The topics would expressly state that they related to breach of contract and nothing else.

7. On August 1, 2023, Plaintiff first provided an amended list of topics for the CIC Corporate Representative deposition. See Exhibit C.

8.  Plaintiff's counsel did not narrow the topics as agreed and discussed in paragraph 6 above.  Plaintiff's counsel did not confer with Defense counsel about the August 1, 2023 Notice of Deposition or topics.

9.  CIC asks the Court to limit the topics as follows:

   a.  Schedule A:

   (1) The topics would expressly state that they were not asking for documents or testimony concerning file handling policies or procedures, underwriting materials, policy interpretation, opinions, etc.

   (2) Topic 4 would exclude communications with counsel from "agents of the Insurer."

   (3) Topics 9 and 10 would refer to "all facts" and not include all "information."

   (4) The topics would expressly state that they related to breach of contract and nothing else.

   (5) Eliminate Topics 4e, 5h and 6 because this is not a coverage dispute.  The suit only involves covered damages and the reasonableness of the amount claim.

   b.  Schedule B:

In paragraph 1, CIC objects on the basis that it should not be required to "bring a copy of all communications . . . and files" related to this matter because that includes attorney/client communications and work product materials.  The topic should also be limited in time to end with the filing of the suit.

In paragraph 3, CIC objects to the preparation of a privilege log related to anything after suit was filed and that Plaintiff be allowed to make any presumptions with regard to any document omitted from the privilege log.

10. Once we have narrowed the topics by agreement or by court order, CIC will produce the corporate representative for a Zoom deposition at a mutually agreed time within 90 days of this Court's input on these issues.

B. CIC's "Field Adjuster" Deposition

11. Plaintiff asks for the additional deposition of CIC's "Field Adjuster." When that request was first made, I asked what that meant. The undersigned was told by Plaintiff's counsel that it meant the people who visited or examined the property. CIC produced the Independent Adjusters it hired--Steven Simpson, Brandon Bembinster, and Matt Heidinger. Each of them was deposed between March and May 2023. CIC also produced their reports in discovery. CIC has complied with Plaintiff's request by producing three witnesses for the "field adjuster" deposition.

12. To the extent that the Court deems any sanctions necessary against CIC for the delay caused by issues in receiving the topics for the deposition, the undersigned asks that those sanctions be rendered against the undersigned and not against CIC.

Wherefore, CIC asks that Plaintiff's Motion be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2023, a true and correct copy of the foregoing *Colony Insurance Company's Response to Plaintiff's Motion to Compel Deposition Dates* was furnished by filing through the Clerk of Court CM/ECF electronic filing system which sends notification by email to:

| | |
|---|---|
| Juan E. Mourin, Esq.<br>veronica@greyandmourin.com | *Attorney for Plaintiff* |
| Lana Cucchiella, Esq.<br>lana@greyandmourin.com | *Attorney for Plaintiff* |

        Goodman McGuffey LLP

By:   */s/ Robert M. Darroch*
ROBERT M. DARROCH
Florida Bar No. 304646
RDarroch@GM-LLP.com
6751 Professional Parkway, Suite 103
Sarasota, FL 34240-8449
(941) 953-4411 Phone
(941) 953-4410 Fax
*Attorneys for Colony Insurance Company*