UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HACIENDA CARBALLO, LLC,

          Plaintiff,

v.                                                    Case No: 2:22-cv-118-JLB-KCD

COLONY INSURANCE COMPANY,

          Defendant.
_____/

## ORDER

Hacienda Carballo, LLC ("Hacienda Carballo") sues Colony Insurance Company ("Colony") for breach of an insurance policy based on Colony's failure to provide coverage and remit payment for damages sustained to the tile flooring and walls. (Doc. 4 at ¶¶ 10, 12, 13, 17, 18, 25). Colony moved for summary judgment claiming that (1) no genuine issues of material fact exist because Hacienda Carballo cannot prove the water leak caused the tile and wall damage without expert testimony and (2) Sigelfrido Rojas ("Rojas") should be excluded as an expert. (Doc. 57 at 1–5). Hacienda Carballo filed a response to the motion for summary judgment arguing generally that genuine issues of material fact exist and that a traditional expert is not required to establish the cause of the damage. (Doc. 70 at ¶ 6–7). Filed after the motion for summary judgment, including similar arguments regarding Rojas' admissibility as an expert, Colony filed a *Daubert* Motion to Exclude Expert Testimony of Public Adjuster Sigelfrido Rojas (the "*Daubert* Motion") (Doc. 63) and

1

Hacienda Carballo filed a response (Doc. 68). Upon review of the record, Colony's motion is **DENIED**. Genuine issues of material fact exist as to the cause of the tile and wall damage and the amount of damages— factual issues best reserved for a jury. The Court reserves ruling on Colony's arguments in the motion for summary judgment regarding Rojas's exclusion as an expert witness and Colony's *Daubert* Motion, as the record is devoid of any disclosure of Rojas as an expert or "hybrid witness." Any future ruling by the Court on Rojas' exclusion as an expert is not instructive as to whether a genuine issue of material fact exists.

## BACKGROUND

This case involves a homeowners insurance claim arising from damages allegedly caused by a plumbing leak that occurred on or about April 23, 2021. (Doc. 4 at ¶ 10). Colony issued a homeowners insurance policy (the "Policy") to Hacienda Carballo for the property located at 27146 US Hwy 27, Moore Haven, Florida 33471 (the "Property"). (*Id.* at ¶ 6–8). Hacienda Carballo reported damage from a plumbing leak, including wall and tile damage. (*Id.* at ¶ 10–13; Doc. 69 at ¶ 16).

In a letter dated October 8, 2021, Colony acknowledged that the damage sustained from the plumbing leak was a covered loss. (*Id.* at 8). However, Colony also stated that the damage to the tile flooring was not caused by the plumbing leak or any other covered cause of loss and, therefore, was not covered under the policy. (*Id.* at ¶ 12, 11). Colony's mitigation contractor's estimate for repairs attributable to the loss totaled $4,152.24, shy of the $5,000.00 deductible. (*Id.* at 9). Rojas, Hacienda Carballo's public adjuster, submitted an estimate for repairs totaling

2

more than $95,000.00, which included replacement of all the tile flooring.  (*Id.* at 9; Doc. 69-1 at 13; Doc. 69-2 at ¶ II; Doc. 63-3).

On January 27, 2022, Hacienda Carballo filed a one-count complaint for breach of contract.  (*See* Doc. 4).  The complaint was removed to federal court on February 21, 2022.  (Doc. 1).

## SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when the movant shows there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case."  *Id.* at 1259.  At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986).

## DISCUSSION

To prevail at summary judgment on Hacienda Carballo's breach of contract claim, Colony must show no genuine issue of material fact as to (1) the existence of a valid contract; (2) a material breach of that contract; and (3) damages.  *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).

Colony argues that there is no evidence that the plumbing pipe leak caused the tile or wall damage because Rojas's expert testimony should be excluded and, therefore, no genuine issue of material fact exists as to the cause of loss and damages. (Doc. 57 at 3–5). Colony also argues that expert testimony is *required* to prove causation and that no other experts have been disclosed by Hacienda Carballo. (*Id.* at 5). Pointing at what seems to be more of a disclosure issue, rather than a legal issue as to whether a genuine issue of fact exists, Colony contends that Rojas "was not retained as an expert in this case with regard to cause of any damages he estimated or with regard to the cause of loss." (*Id.* at 2). Colony also takes issue with the amount of damages, stating that it is undisputed that there is "no evidence of any damage other than a $700.00 bill to repair the leaky pipe." (Doc. 58 at ¶ 12).

In turn, Hacienda Carballo rebukes summary judgment and argues that any questions as to "scope and amount of damages must be resolved by a jury . . . ." (Doc. 70 at 8). Specifically, Hacienda Carballo disputes Colony's classification of Rojas as an expert and argues that Rojas is a "hybrid witness" who was never "retained" to determine the cause of loss. (*Id.* at 8; Doc. 69 at ¶ 11). Hacienda Carballo contends that a traditional expert is not required to establish the scope of loss and that they plan to "rely both on their own testimony, as well as the testimony of hybrid witness Rojas, to establish the scope of the [l]oss." (Doc. 70 at 8). Hacienda Carballo points to genuine issues of material fact regarding how many tiles were broken, whether certain tiles "were damaged in the course of or to allow

4

mitigation," whether there was damage to the walls and paint, whether there was visible water in the crawl space, and the cost to make the repairs. (*Id.* at 8; Doc. 69 at ¶¶ 6, 12).

Colony's arguments in support of summary judgment fail on account of existing genuine issues of material fact—not to mention that Rojas can testify, at minimum, as a lay witness.

## I.     Rojas's Testimony is, at Minimum, Admissible as Lay Testimony.

Colony, in both their motion for summary judgment and subsequently filed *Daubert* Motion, seeks to exclude Rojas as an expert—while simultaneously arguing that Rojas was "not retained as an expert in this case with regard to cause of any damages he estimated or with regard to the cost of the loss." (Doc. 57 at 2; Doc. 63).

Nonetheless, the Court finds Colony's arguments in favor of exclusion unavailing considering: (A) Rojas has not been disclosed as an expert or "hybrid witness," the time to do so has passed, and he denies his retention as an expert; (B) even if Rojas was excluded under *Daubert*, he can testify as a lay witness; and (C) an expert is not required to prove causation.

### A.     Rojas Has Not Been Disclosed as an Expert.

Rojas has not been disclosed as an expert (Doc. 69-2 at I), the deadline to disclose expert reports expired on February 17, 2023 (pursuant to the Case Management and Scheduling Order (Doc. 21 at 1)), and Rojas denies his identification and retention as an expert (Doc. 58-1 at 25, Tr. 97). The Court finds

5

nothing in the record to suggest that Rojas was ever retained as an expert or that Hacienda Carballo ever formally disclosed him as an expert.[1] Furthering the confusion of Rojas's role as a witness, Hacienda Carballo asserts that Rojas is a "hybrid witness" "by virtue of his training and experience, and because his testimony on matters beyond the experience of a typical lay person would assist the jury in determining issues of fact." (Doc. 70 at 8; Doc. 69 ¶ 11). The Court finds it particularly instructive that Rojas claims he is "not an expert" and has not been retained as such. (Doc. 58-1 at 25, Tr. 97).

A "retained expert" is one who is "'retained' or 'specially employed' by a party" "'to provide expert testimony in the case' or for some other purpose." *Cedant v. United States*, 75 F.4th 1314, 1322 (11th Cir. 2023) (citing Fed. R. Civ. P. 26(a)(2)(B)). On the other hand, a "non-retained [expert] witness" possesses "some first-hand factual awareness of the subject matter of the suit."[2] *Id.* at 1324. The distinction is instructive as to the types of disclosures required by the parties under Federal Rule of Civil Procedure 26. A detailed written report must be disclosed for a retained expert (Fed. R. Civ. P. 26(a)(2)(B)), while a party need only disclose a non-retained expert's "subject matter on which the witness is expected to present

---

[1] Hacienda Carballo disputes Colony's assertion that they never disclosed Rojas by citing to Plaintiff's Disclosures. (Doc. 69 at ¶ 13). However, in Plaintiff's Disclosures, Rojas is merely disclosed as a potential witness. (Doc. 69-2 at ¶ I).

[2] The Eleventh Circuit has adopted the term "non-retained expert witness," rather than "hybrid witness." *Cedant v. United States*, 75 F.4th 1314, 1324 n.10 (11th Cir. 2023) ("While we used that term once before the 2010 amendments creating Rule 26(a)(2)(C), *see Prieto*, 361 F.3d at 1318 n.7, we now think designating these experts as "non-retained expert witnesses" better reflects the current text of Rule 26.").

evidence" and a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Assuming Rojas is being presented as a non-retained expert witness, as Hacienda Carballo claims, Hacienda Carballo must take the steps to properly disclose him as such. If the Court allows the untimely disclosure, then his exclusion can be taken up prior to trial.

### B. Rojas Can Testify as a Lay Witness.

A lay witness can testify in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. On April 24, 2021, one day after the plumbing leak, Rojas inspected the Property and visually observed and perceived the damage firsthand. (Doc. 58-1 at 10, Tr. 37).

Even if Rojas could be excluded as an expert and could only testify as a lay witness, the "jury is free to consider witness perceptions (along with all the evidence) when determining causation." *Smith Lake Marina & Resort LLC v. Auto-Owners Ins. Co.*, No. 5:16-CV-01104-AKK, 2017 WL 4167448, at *3 (N.D. Ala. Sept. 20, 2017) (citing *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107, 109 (1959) (finding a lay witness's perception of conditions surrounding the potential cause of loss admissible). "[J]uries, not experts, are the ultimate arbiters of causation . . . ." *Id.* Rojas can certainly testify as to the conditions he observed in the

7

course of his inspection under the limitations found in Federal Rule of Evidence 701.

### C. Experts Are Not Required to Prove Causation.

Colony mischaracterizes the law by arguing that an expert is required to determine the cause of loss. Colony relies solely on *Dias v. GeoVera Specialty Ins. Co.*, 543 F. Supp. 3d 1282, 1288 (M.D. Fla. 2021) to support its argument that summary judgment should be granted and the expert testimony of a public adjuster should be struck, just as the Court held in *Dias*. However, Colony's reliance on *Dias* is misplaced. The *Dias* Court never considered the admissibility of the public adjuster testimony as a lay witness but instead focused principally on the public adjuster expert's methodology under *Daubert*. *See Dias v. GeoVera Specialty Ins. Co.*, 543 F. Supp. 3d 1282, 1288 (M.D. Fla. 2021) (excluding a public adjuster as an expert when his determinations and the details of such were based on mere conjecture, and he failed to offer any methodology to support his opinion).

Even more, an expert is not always required to determine causation. *Greater Hall Temple Church of God v. S. Mut. Church Ins. Co.*, 820 F. App'x 915, 922 (11th Cir. 2020) (finding that expert testimony is not required when lay witnesses can provide enough circumstantial evidence for the jury to conclude as to causation, despite none of the lay witnesses actually witnessing the occurrence of the

damage).³ Therefore, even without expert testimony, the record reflects circumstantial evidence sufficient to aid the jury in determining the cause of loss.

## II.     Genuine Issues of Material Fact Remain for the Jury.

Genuine issues of material fact remain for the jury regarding the cause of the tile and wall damage and the amount of damages. *Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-CV-167-PGB-DCI, 2023 WL 5566516, at *4 (M.D. Fla. July 26, 2023) (denying summary judgment in an insurance coverage dispute when questions of causation existed); *Burgess v. Allstate Ins. Co.*, 334 F. Supp. 2d 1351, 1363 (N.D. Ga. 2003) (finding a genuine issue of material fact existed regarding insurance coverage when another instance of water damage was deemed covered and the insurance adjuster's inspection was very limited and cursory). Specifically, parties dispute whether the pipe leak caused certain tile and wall damage, the location and number of broken tiles (Doc. 58 at ¶ 8; Doc. 69 at ¶¶ 8, 16), and the amount of damages (Doc. 58 at ¶ 12; Doc. 69 at ¶ 12).

Colony grossly mischaracterizes the record by arguing that there is no evidence of causation and that the "only witness disclosed has been the public adjuster, Sigelfrido Rojas." (Doc. 57 at 3). Curiously, despite arguing a lack of evidence, Colony attached the deposition transcript of Belkys Henriquez

---

³ Although *Greater Hall Temple Church of God* applied Georgia law, other courts in the Middle District of Florida have been "highly persuaded by the court's reasoning" and have been unable to locate "Florida law *mandating* a showing of expert causation testimony." *Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-CV-167-PGB-DCI, 2023 WL 5566516, at *3 n.5 (M.D. Fla. July 26, 2023).

("Henriquez"), Hacienda Carballo's corporate representative, to its statement of undisputed facts. (Doc. 58-2). Henriquez is the manager of Hacienda Carballo who has personal knowledge of the "loss, reporting of the loss, claim facts, and damages to the insured property." (Doc. 69-2 at 7). Henriquez testified in her deposition that she took pictures of the leak (Doc. 58-2 at 34) and was the person who discovered the damage (Doc. 58-2 at 19). There is other evidence in the record including: the October 8, 2021 coverage letter (Doc. 4 at 7); the July 1, 2021 coverage letter (Doc. 70-1); the May 5, 2021 Brandon Bembinster report (Doc. 62-1); the Affidavit of Brandon Bembinster, AIC, AINS (Doc. 62-2); and Rojas' April 26, 2021 estimate (Doc. 63-3). The Court assumes that Colony's argument that no evidence exists regarding causation is based on its unpersuasive legal position that an expert is required to determine causation. The Court would be remiss not to mention that a good portion of Colony's undisputed facts are immaterial to this Court's summary judgment determination, as they appear to be an effort to disqualify Rojas as a purported expert. (Doc. 58 at ¶¶ 3–5, 10, 11, and 13).

Thus, since there are existing genuine issues of material facts, summary judgment is denied.

## CONCLUSION

For the foregoing reasons, Colony's Motion for Summary Judgment (Doc. 57) is **DENIED** as set forth herein. The Court reserves ruling on Colony's *Daubert* Motion (Doc. 63), as the record is currently devoid of any formal disclosure of Rojas as a retained or non-retained expert witness. Given the Court's careful review of

10

the record and legal arguments presented, the Court strongly suggests that the parties re-engage in settlement negotiations. Should the parties represent in good faith that they are amenable to a settlement, the Court would consider, within 14 days of this Order, a joint motion requesting a Magistrate Judge to conduct a settlement conference at no expense to the parties.

**ORDERED** in Fort Myers, Florida on June 25, 2024.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE