UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HACIENDA CARBALLO, LLC,

      Plaintiff,

v.

COLONY INSURANCE
COMPANY,

      Defendant,
_____/

Case No. 2:22-cv-118-JES-KCD

## **ORDER**

This dispute involves a homeowners insurance claim arising from a plumbing leak. It's set for trial next week. (Doc. 124.)[1] Pertinent here, Plaintiff Hacienda Carballo, LLC moves the Court to reconsider an order declining to reopen expert discovery. (Doc. 122.)

For starters, Plaintiff argues the wrong procedural vehicle. The motion seeks relief under Fed. R. Civ. P. 60(b)(1). (Doc. 122 at 1.)[2] But Rule 60 applies only to final judgments, orders, and proceedings—none of which have occurred here. *See, e.g.*, *Austin v. Metro Dev. Grp., LLC*, No. 8:20-CV-1472-KKM-TGW, 2021 WL 1164804, at *1 (M.D. Fla. Mar. 25, 2021). Plaintiff seeks to overturn a *non-final* discovery order, which leaves Rule 60

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Plaintiff's motion is not paginated, so Court refers to the page numbers generated by its electronic filing system.

irrelevant. *Rodriguez v. Clear Blue Ins. Co.*, No. 8:22-CV-02455-KKM-AEP, 2024 WL 3520794, at *2 (M.D. Fla. July 24, 2024).

At any rate, district courts have inherent authority to reconsider non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper only where: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the judgment is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Plaintiff first argues a mistake of fact. In its prior order, the Court said:

> Nearly three years ago, the Court entered a scheduling order. The expert disclosure deadline came and went without Plaintiff disclosing its public adjuster, Sigelfrido Rojas. This was apparently an

oversight that Plaintiff realized only when the Court issued its summary judgment order.

(Doc. 98 at 1.) According to Plaintiff, however, it "did serve Disclosures on Defendant" by the deadline. (Doc. 122 at 2.) And the disclosures "listed Sigelfrido Rojas, Plaintiff's public adjuster." (*Id.*)

There was no mistake. Although Plaintiff identified Rojas by the expert disclosure deadline, there was no accompanying report or summary of his opinions as needed under Rule 26. (*See* Doc. 77 at 7.) Without a report or summary, there is no disclosure. *See, e.g.*, *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1288 (S.D. Fla. 2021) ("Rule 26(a)(2) requires a party to disclose the identity of any [expert] witness it may use at trial and other information that varies depending on the expert."). And that's exactly what the Court said in its prior order—Rojas was not disclosed.

Pivoting slightly, Plaintiff next claims the Court mistakenly found a lack of diligence.[3] Although difficult to follow, Plaintiff seems to argue its motion to reopen expert discovery was diligently filed because it came "within reasonable enough time" after the Court lifted the stay entered for the settlement conference. (Doc. 122 at 3.) Two problems. First, this argument has not been raised before. "[A] party may not employ a motion for

---

[3] "When considering whether to extend or revive a court's scheduling order deadline, the Court applies the Rule 16 good cause standard, which requires a showing of diligence." *In re Deepwater Horizon Belo Cases*, No. 3:21-CV-00737-MCR-GRJ, 2022 WL 732246, at *3 (N.D. Fla. Mar. 10, 2022).

3

reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015). Second, even accounting for the stay, Plaintiff was not diligent. This is the relevant timeline:

> June 25, 2024—Plaintiff is told its expert disclosure is deficient;
>
> July 9, 2024—the parties request a settlement conference
>
> July 16, 2024—the Court stays the case pending a settlement conference
>
> October 23, 2024—the settlement conference impasses
>
> November 1, 2024—the Court enters a new scheduling order
>
> January 31, 2025—Plaintiff files its motion to reopen discovery and amend its expert disclosures

As illustrated, Plaintiff waited *three months* to move to fix the disclosure problem it knew about since June. That's not diligence under any standard. *See, e.g.*, *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1243 (11th Cir. 2009) ("By filing its motion . . . a month later, [the movant] waited too late.").

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be

4

employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). Plaintiff's arguments fall well short of this standard; thus, its Motion for Relief From Order (Doc. 122) is **DENIED**.

**ORDERED** in Fort Myers, Florida on February 24, 2025.

Kyle C. Dudek
United States Magistrate Judge